IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| TAYLOR WEBB, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF STANISLAUS, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:21-mc-00696-JNP-JCB<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Jared C. Bennett |

District Judge Jill N. Parrish referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Plaintiffs' motion for monetary sanctions against Paula Webb ("Ms. Webb") ("Sanctions Motion").[2] Based upon the analysis set forth below, the court grants in part and denies in part the Sanctions Motion.

## BACKGROUND

On March 19, 2021, Plaintiffs personally served Ms. Webb, who is not a party to this litigation, with a subpoena to testify at a deposition on April 2, 2021.[3] Ms. Webb resides within 100 miles of the place of the deposition identified in the subpoena.[4] Plaintiffs' counsel, Robert R. Powell ("Mr. Powell"), and Defendants' counsel attended the scheduled deposition, but Ms.

---

[1] ECF No. 6.

[2] ECF No. 9.

[3] ECF No. 2-1, Exhibits A-B.

[4] *Id.*

Webb did not.[5] The day prior to the scheduled deposition, and again on the day of the deposition, Mr. Powell attempted to contact Ms. Webb but received no response.[6] Based upon those facts, Plaintiffs filed a short form motion on November 24, 2021, to compel Ms. Webb's appearance at a deposition and for monetary sanctions against Ms. Webb ("Short Form Motion").[7] Defendants supported the Short Form Motion.[8]

After Ms. Webb failed to timely respond to the Short Form Motion, the court issued an order on December 30, 2021, that granted it in part and denied it in part.[9] Because Plaintiffs had satisfied all the relevant requirements of Fed. R. Civ. P. 37(a), the court granted the portion of the Short Form Motion seeking Ms. Webb's compelled attendance at her deposition and ordered Ms. Webb to appear in person for her deposition on January 5, 2022, at 10:00 a.m. However, after considering Plaintiffs' request for an award of nearly $15,000.00 in reasonable expenses under Rule 37(a)(5)(A), the court denied the request without prejudice and provided Plaintiffs with leave to renew their request later.

Ms. Webb appeared for her deposition on January 5, 2022, as required by the court's order. Plaintiffs later filed the Sanctions Motion, in which they renew their request for monetary sanctions against Ms. Webb under Rule 37(a)(5)(A).[10] Plaintiffs contend that their fees and

---

[5] *Id.*, Exhibit C.

[6] *Id.*

[7] ECF No. 2.

[8] *Id.* at 3.

[9] ECF No. 7.

[10] ECF No. 9.

expenses incurred in connection with Ms. Webb's April 2, 2021 deposition, Ms. Webb's January 5, 2022 deposition, and Plaintiffs' motions in this court total $35,464.71. Although Plaintiffs believe that Ms. Webb should be required to pay that full amount, they request a court order for Ms. Webb to pay half of those expenses, or $17,732.35, which Plaintiffs contend is an "extremely reasonable" request.[11] Prior to filing the Sanctions Motion, Mr. Powell attempted to meet and confer with Ms. Webb about the amount of the sanctions award Plaintiffs intended to seek.[12] Mr. Powell notified Ms. Webb that if they could not reach a resolution on the amount of sanctions, he would be filing the Sanctions Motion.[13] Ms. Webb responded by indicating that she would "contact [her] lawyer," had "no intention of negotiating," and would "see [Plaintiffs] in court."[14]

## ANALYSIS

As shown below, the court concludes that (I) Plaintiffs are entitled to an award of reasonable expenses against Ms. Webb under Rule 37(a)(5)(A). After reaching that conclusion, the court: (II) determines that Plaintiffs are entitled to only some of their claimed expenses under Rule 37(a)(5)(A); and (III) awards Plaintiffs reasonable expenses in the amount of $2,789.00. For those reasons, the court grants in part and denies in part the Sanctions Motion.

---

[11] *Id.* at 5.

[12] ECF No. 9-1, Exhibit D.

[13] *Id.*

[14] *Id.*

I. **Plaintiffs Are Entitled to an Award of Reasonable Expenses Against Ms. Webb Under Rule 37(a)(5)(A).**

Because all of the requirements of Rule 37(a)(5)(A) are satisfied here, Ms. Webb must pay an award of reasonable expenses, including attorney fees, to Plaintiffs. Rule 37(a)(5)(A) provides that if a motion to compel discovery is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."[15] However, "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."[16]

Here, all of the requirements of Rule 37(a)(5)(A) are met. First, the court granted the Short Form Motion. Second, Ms. Webb was provided with an opportunity to be heard on the issue of reasonable expenses through a response to the Sanctions Motion.[17] Third, prior to filing

---

[15] Fed. R. Civ. P. 37(a)(5)(A).

[16] Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

[17] *Meridith v. Great Wolf Lodge of Kan. City, LLC*, No. CIV A 07-2529-DJW, 2008 WL 4305110, at *1 (D. Kan. Sept. 18, 2008) ("[T]he Court notes that it is not required to hold a hearing before making . . . an award [under Rule 37(a)(5)(A)]. Although the Court must afford the party an opportunity to be heard, the Court may consider the issue of expenses on written submissions. Here, Defendant expressly requested in its supporting memorandum that it be awarded attorney's fees and expenses. Although Plaintiffs did not file a brief in response to the request for fees and expenses, they had the opportunity to do so. The Court therefore finds that Plaintiffs have had sufficient opportunity to be heard within the meaning of Rule 37(a)(5)(A)." (quotations, citations, and footnotes omitted)); *see also Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1230 (10th Cir. 2015) (providing that in the context of Rule 37 sanctions, "[a]n opportunity to be heard

4

the Short Form Motion, Mr. Powell attempted in good faith to obtain Ms. Webb's attendance at her properly noticed April 2, 2021 deposition by contacting her the day prior to the deposition and again on the day of the deposition. Fourth, Ms. Webb has failed to provide either Plaintiffs or the court with any reason, let alone a substantial justification, for her failure to attend her April 2, 2021 deposition. Finally, the court is unaware of any circumstances that would make an award of expenses unjust. For those reasons, under Rule 37(a)(5)(A), "the court *must*"[18] order Ms. Webb to pay Plaintiffs an award reasonable expenses, including attorney fees. The court turns next to the expenses that Plaintiffs may recover under Rule 37(a)(5)(A).

II. **Plaintiffs Are Entitled to Only Some of Their Claimed Expenses Under Rule 37(a)(5)(A).**

As indicated above, if the requirements of Rule 37(a)(5)(A) are met, the court is required to order an award of reasonable expenses against the disobedient party unless any one of the listed exceptions applies. However, a party prevailing on a motion to compel discovery is entitled to recover only its reasonable expenses, including attorney fees, "*incurred in making the*

---

does not require an oral or evidentiary hearing on the issue; the opportunity to fully brief the issue is sufficient to satisfy due process requirements" (alteration in original) (quotations and citation omitted)).

[18] (Emphasis added).

*motion.*"[19] Thus, under the plain language of the rule,[20] Plaintiffs are entitled to only those reasonable expenses incurred in making the Short Form Motion.[21] Nevertheless, because the court denied without prejudice Plaintiffs' request for sanctions in the Short Form Motion and permitted them to renew the request, the court construes the Sanctions Motion as being sufficiently connected to the Short Form Motion to allow Plaintiffs to also recover their

---

[19] Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). Because Rule 37(a)(5)(A) limits the court to awarding reasonable expenses "in making the motion," the court cannot award travel costs or other types of sanctions that arise from Ms. Webb's actual failure to appear at the originally scheduled deposition. Where, as here, Ms. Webb is a non-party deponent, many of the expenses for which Plaintiffs seek compensation can only be awarded, if at all, as a contempt sanction under Fed. R. Civ. P. 45(g). But that relief has not been sought. Therefore, the court awards what Rule 37(a)(5)(A) reasonably allows.

[20] *Pavelic & LeFlore v. Marvel Ent. Grp.*, 493 U.S. 120, 123 (1989) (providing that courts "give the Federal Rules of Civil Procedure their plain meaning"); *United States v. Ceballos-Martinez*, 371 F.3d 713, 716 (10th Cir. 2004) (providing that courts "must interpret statutes and rules of procedure based on their plain language").

[21] *See, e.g.*, *Miller v. Paschall Truck Lines, LLC*, No. CV 20-303 GBW/SCY, 2021 WL 919868, at *2 (D.N.M. Mar. 10, 2021) (concluding that the prevailing party on a motion to compel discovery is entitled to only the reasonable expenses, including attorney fees, incurred in making the motion to compel); *Burley v. Balt. Police Dep't*, No. CV SAG-18-1743, 2020 WL 1984906, at *3 (D. Md. Apr. 27, 2020) (same); *Rehburg v. Bob Hubbard Horse Transp., Inc.*, No. 1:18-CV-00531-MV-JHR, 2019 WL 2618005, at *3 (D.N.M. June 26, 2019) (same); *Horowitz v. Yishun Chen*, No. SACV1700432AGDFMX, 2018 WL 6498660, at *1 (C.D. Cal. Dec. 7, 2018) (same); *Ecomed, LLC v. Asahi Kasei Med. Co.*, No. 17-61360-CIV, 2018 WL 4193642, at *1 (S.D. Fla. June 21, 2018) (same); *Raynor v. G4S Secure Sols. (USA) Inc.*, 327 F. Supp. 3d 925, 950 (W.D.N.C. 2018) (same), *aff'd*, 805 F. App'x 170 (4th Cir. 2020); *Morgan Hill Concerned Parents Ass'n v. Cal. Dep't of Educ.*, No. 2:11-CV-03471-KJM-AC, 2017 WL 4154927, at *4 (E.D. Cal. Sept. 19, 2017) (same); *Carruega v. Steve's Painting, Inc.*, No. 2:16-CV-715-FTM-29CM, 2017 WL 3387228, at *3 (M.D. Fla. Aug. 7, 2017) (same); *Myers v. SSC Westland Operating Co., LLC*, No. 13-14459, 2015 WL 3915797, at *5 (E.D. Mich. June 25, 2015) (same); *Fed. Deposit Ins. Corp. v. Broom*, No. 12-CV-03145-PAB-MEH, 2013 WL 5567452, at *3 (D. Colo. Oct. 9, 2013) (same); *In re Plascencia*, No. 08-56305-ASW, 2012 WL 2161412, at *14 (Bankr. N.D. Cal. June 12, 2012) (same).

reasonable expenses for the Sanctions Motion. Accordingly, the court turns to the amount of the reasonable expenses award to which Plaintiffs are entitled.

### III. The Court Awards Plaintiffs Reasonable Expenses in the Amount of $2,789.00.

Because Plaintiffs are entitled to an award against Ms. Webb for only those reasonable expenses incurred in making the Short Form Motion and the Sanctions Motion, the court will consider only Plaintiffs' claimed expenses related to those motions, which total $7,219.00.[22]

To calculate Plaintiffs' reasonable expenses award, the court must analyze Plaintiffs' claimed: (A) attorney and paralegal fees, and (B) costs. The court addresses each issue in turn below. Based upon the following analysis, the court concludes that (C) Plaintiffs are entitled to an award of reasonable expenses against Ms. Webb in the amount of $2,789.00, which consists of $2,140.00 in attorney and paralegal fees and $649.00 in costs.

#### A. Attorney and Paralegal Fees

To determine Plaintiffs' award of attorney and paralegal fees, the court the court employs the lodestar method.[23] Under that method, "the district court must calculate the 'lodestar,' which

---

[22] Plaintiffs have submitted three separate spreadsheets summarizing the expenses they incurred in connection with: (1) all of Plaintiffs filings in this court, ECF No. 9-1, Exhibit A; (2) Ms. Webb's January 5, 2022 deposition, ECF No. 9-1, Exhibit B; and (3) Ms. Webb's missed deposition on April 2, 2021, ECF No. 9-1, Exhibit C. Given that Plaintiffs are entitled to an award of reasonable expenses incurred in making the Short Form Motion and the Sanctions Motion only, the court will not consider the expenses in the final two spreadsheets.

[23] *Blackburn v. United States*, No. 218CV00116DBBEJF, 2020 WL 1930063, at *2 (D. Utah Apr. 21, 2020) (using lodestar method to calculate attorney fees for a reasonable expenses award under Rule 37(a)(5)(A)); *Xmission, L.C. v. Adknowledge, Inc.*, No. 2:15-CV-00277, 2016 WL 6108556, at *1 (D. Utah Oct. 19, 2016) (same); *see also Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1249 (10th Cir. 1998) ("[T]he fees for attorneys, law clerks, and legal assistants are all determined in the same fashion: multiplying reasonable hours by reasonable rates to reach a 'lodestar' amount.").

is the reasonable number of hours spent on the litigation multiplied by a reasonable hourly rate. The party requesting attorney fees bears the burden of proving the amount of hours spent on the case and the appropriate hourly rates."[24] Accordingly, the court addresses Plaintiffs' claimed: (1) hours, and (2) hourly rates. After analyzing those two issues, the court concludes that (3) Plaintiffs are entitled to an award of attorney and paralegal fees in the amount of $2,140.00.

          1.      **Hours**

To assess the reasonableness of an attorney's or paralegal's claimed hours, the court considers: (a) whether the hours are supported by adequate billing records; (b) whether the attorney has exercised billing judgment; and (c) whether the hours expended on each task are reasonable.[25] The court addresses each of those issues below.

          a.      **Billing Records**

In assessing billing records, the party requesting fees "has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks."[26] Here, Mr. Powell and his paralegal, Mari Carrington ("Ms. Carrington), have submitted sufficiently detailed billing records for the Short Form Motion

---

[24] *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1233 (10th Cir. 2000) (citations omitted).

[25] *Case*, 157 F.3d at 1250.

[26] *Id.*

and the Sanctions Motion.[27] Thus, the court turns to whether Mr. Powell has exercised billing judgment.

### b. Billing Judgment

Next, the court must ensure that the party's counsel has "exercised billing judgment."[28] "Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended."[29] "Hours that an attorney would not properly bill to his or her client cannot reasonably be billed to the adverse party, making certain time presumptively unreasonable."[30]

Mr. Powell has exercised adequate billing judgment here by delegating much of the work on the Short Form Motion and the Sanctions Motion to Ms. Carrington. Although some of the hours expended by both Mr. Powell and Ms. Carrington appear to be excessive and/or duplicative, the court will address that issue below when considering the reasonableness of the claimed hours.

### c. Reasonableness of Hours

Finally, the court "look[s] at the hours expended on each task to determine if they are reasonable."[31] The court "approach[es] this reasonableness inquiry much as a senior partner in a

---

[27] ECF No. 9-1, Exhibits A-C.

[28] *Case,* 157 F.3d at 1250 (quotations and citations omitted).

[29] *Id.*

[30] *Id.*

[31] *Id.*

private law firm would review the reports of subordinate attorneys when billing clients."[32] The court may reduce counsel's hours "if they include 'hours that were unnecessary, irrelevant[,] and duplicative.'"[33] "[T]he overriding consideration [is] whether the attorney's hours were 'necessary' under the circumstances."[34] In making the reasonableness determination, the court "considers the following factors: (1) 'the complexity of the case,' (2) 'the number of reasonable strategies pursued,' (3) 'the responses necessitated by the maneuvering of the other side,' and (4) 'the potential duplication of services.'"[35] Additionally, the court considers the twelve factors in *Johnson v. Georgia Highway Exp., Inc.*[36] Below, the court first addresses the four factors set forth in *Case*, followed by the twelve factors in *Johnson*. Based on its consideration of those factors, the court concludes that some of Plaintiffs' claimed hours are not reasonable.

Turning to the *Case* factors, this is not a complex case. The only issues involved are seeking Ms. Webb's compliance with a deposition subpoena and any corresponding sanctions.

---

[32] *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (quotations and citation omitted)

[33] *Utah Physicians for a Healthy Env't, Inc. v. Diesel Power Gear, LLC*, No. 2:17-CV-00032-RJS, 2021 WL 254268, at *3 (D. Utah Jan. 26, 2021) (quoting *Case,* 157 F.3d at 1250).

[34] *Robinson,* 160 F.3d at 1281.

[35] *Utah Physicians,* 2021 WL 254268, at *3 (quoting *Case,* 157 F.3d at 1250).

[36] 488 F.2d 714, 717-19 (5th Cir. 1974) (stating that when considering the reasonableness of attorney fees, the court should consider: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases); *see also Gottlieb v. Barry,* 43 F.3d 474, 482 (10th Cir. 1994) (stating that the Tenth Circuit applies the 12 *Johnson* factors for statutory fee cases).

Second, there were not a great number of strategies that Plaintiffs could pursue to obtain Ms. Webb's attendance at her deposition. Third, while it may have been difficult for Plaintiffs to obtain Ms. Webb's appearance, Plaintiffs were not required to respond to any legal maneuvering given that Ms. Webb did not have counsel. Finally, as will be addressed below, Mr. Powell and Ms. Carrington did expend some excessive and/or duplicative hours.

Next, the court addresses the *Johnson* factors. First, the time and labor required to research and draft the Short Form Motion and the Sanctions Motion do not warrant the amount Plaintiffs request due to the relatively brief nature of the motions and, second, because the issue of compelling Ms. Webb to appear for her deposition is not a difficult legal issue. Third, the skill required to research and draft the 3-page Short Form Motion and the 6-page Sanctions Motion is minimal because they rely almost exclusively upon the plain text of Rule 37(a)(5)(A) and contain little case research. Fourth, given the time spent on the Short Form Motion and the Sanctions Motion, it does not appear that they would have precluded work on other matters. Fifth, as will be addressed below, Mr. Powell's hourly billing rate far exceeds rates in Salt Lake City. Sixth, the court is unsure whether the fee arrangement between Plaintiffs and Mr. Powell is fixed or contingent, which precludes the court's reliance upon that factor. Seventh, Plaintiffs were not under any time limitations to file the Short Form Motion or the Sanctions Motion. Indeed, Plaintiffs waited until November 24, 2021, to file the Short Form Motion after Ms. Webb's failed deposition on April 2, 2021, and waited until March 14, 2022, to file the Sanctions Motion after Ms. Webb's successful deposition on January 5, 2022. Eighth, because the case is in this court for the sole purposes of requiring Ms. Webb to appear for her deposition and any corresponding sanctions, the court is unaware of the amount involved in the underlying litigation. The court is

likewise unaware of the importance of obtaining Ms. Webb's deposition in the underlying case. Thus, the court will not rely upon the eighth factor. Ninth, although Mr. Powell is well qualified, it does not appear that he views the underlying litigation as undesirable (i.e., tenth factor). Tenth, the court is unaware of the nature and length of Mr. Powell's professional relationship with his client and, therefore, does not consider that factor. Finally, in an analogous context, federal courts faced with a request for sanctions for a party's—rather than a non-party's—failure to appear for a deposition rarely award anything close to the amount Plaintiffs seek for the Short Form Motion and the Sanctions Motion.[37]

---

[37] *Park Cityz Realty, LLC v. Archos Cap., LLC*, No. 2:20-CV-00522-JCB, 2021 WL 4991717, at *17 (D. Utah Oct. 27, 2021) (awarding $3,387.90 for a party's missed deposition under Rule 37(d)(3)); *see also id.*, at *15 n.140 (citing *Absolute Activist Value Master Fund Ltd. v. Devine*, 826 F. App'x 876, 879 (11th Cir. 2020) (affirming district court's denial of request for $28,000.00 in fees and costs for several missed depositions that included travel time and expenses where the district court found that the amount requested "greatly exceeds any reasonable attorney's fees that would have been incurred for the failure to appear"); *Marine Lumber Co. v. Precision Moving & Storage, Inc.*, No. 16-CV-365, 2017 WL 3568668, at *3 (D. Haw. Aug. 16, 2017) (imposing sanction of $1,500.00 in attorney's fees and costs "for the missed *depositions* and for the bringing of this motion" (emphasis added)); *Betancourt v. Gen. Servs. of Va, Inc.*, No. 814CV01219T17MAP, 2015 WL 13792038, at *1-2 (M.D. Fla. June 22, 2015) (awarding $2,978.50 in attorney fees and $1,430.00 in costs under Rule 37(d)(3) for missed deposition); *RE/MAX, LLC v. M.L. Jones & Assocs., Ltd.*, No. 5:12-CV-00768-D, 2014 WL 5460609, at *3 (E.D.N.C. Oct. 27, 2014) (denying Rule 37(d)(3) request for $4,907.50 for missed deposition and awarding $1,000.00 instead); *Carlson v. Geneva City Sch. Dist.*, No. 08-cv-6202, 2012 WL 1664203, at 2 (W.D.N.Y. May 11, 2012) (refusing to impose $4,064.00 in attorney fees for missed deposition and drafting of motion and reply and, instead, imposing $3,290.00); *Evans v. Taylorsville City*, No. 2:06-CV-631-TS-PMW, 2009 WL 10728297, at *2 (D. Utah Apr. 17, 2009) (declining to award under Rule 37(d)(3) request for $1,814.00 for missed deposition because it was "excessive and unreasonable" but awarding $131.00 for cost of court reporter); *Bedwell v. Fish & Richardson P.C.*, No. 07-CV-0065-WQH (JMA), 2009 WL 10671331, at *3-5 (S.D. Cal. Mar. 30, 2009) (awarding $5,173.62 in fees and costs under Rule 37(d)(3) for missed deposition), *objections overruled*, No. 07CV65 WQH (JMA), 2009 WL 10671333 (S.D. Cal. June 22, 2009); *Mazile v. Chardee's Rest., LLC*, No. 07-61005-CIV, 2008 WL 11470766, at *2 & n.2 (S.D. Fla. Jan. 29, 2008) (awarding $450.00 for 1.8 hours of attorney time at $250.00 per hour and $130.00 for cost of court reporter under Rule 37(d)(3) for missed deposition); *Microsoft Corp. v. Moss*, No. CIVA 106-CV-1670-JOF, 2007 WL 2782503, at *9

Having considered the relevant factors, the court turns to its determination of the reasonableness of Plaintiffs' claimed hours for the Short Form Motion and the Sanctions Motion. Mr. Powell claims the following hours: (1) 2.4 hours for tasks primarily related to obtaining pro hac vice admission in this court, (2) 0.9 hours for the Short Form Motion, and (3) 1.2 hours for the Sanctions Motion. Ms. Carrington claims the following hours: (1) 5.3 hours for tasks primarily related to Mr. Powell's pro hac vice admission, (2) 10.2 hours for the Short Form Motion, and (3) 10.3 hours for the Sanctions Motion. The court finds some of those claimed hours to be excessive and/or duplicative and, therefore, not reasonable. First, Mr. Powell and Ms. Carrington spent a total of 7.7 hours on tasks related primarily to Mr. Powell's pro hac vice admission, which the court concludes is both duplicative and excessive. Accordingly, the court reduces Mr. Powell's time on those tasks to 1 hour and Ms. Carrington's time on the same tasks to 1 hour. Second, although the court finds Mr. Powell's time related to the Short Form Motion and Sanctions Motion to be reasonable, it finds Ms. Carrington's claimed hours on those motions to be unreasonable given their relative brevity and uncomplicated nature. Therefore, the court

---

(N.D. Ga. Sept. 20, 2007) (awarding $366.55 for missed deposition under Rule 37(d)(3) because counsel traveled to the deposition site, waited there, and returned); *Meshell v. Noble Drilling Servs., Inc.*, No. 05-CV-1690, 2006 WL 8446158, at *2 (S.D. Tex. July 24, 2006) (imposing $1,500.00 "as reasonable expenses and attorney's fees incurred" for "missed deposition and preparation of this motion"); *Alredi Prods., Inc. v. Sandra Carter Prods., Inc.*, No. 03CIV0790(CSH)(THK), 2006 WL 617968, at *2 & n.2 (S.D.N.Y. Mar. 10, 2006) (awarding $500.00 for missed deposition under Rule 37(d)(3) where counsel sought $1,700.00 for 8.5 hours of work involved with motion for sanctions); *but see Pacquiao v. Mayweather*, No 09-CV-2448, 2012 WL 4092684, at *1-2 (D. Nev. Sept. 17, 2012) (allowing professional boxer Emmanuel Pacquiao to recover $113,518.50 in attorney fees and $774.10 in costs after professional boxer Floyd Mayweather, Jr. failed to appear for his deposition after being ordered to do so and stating that award was appropriate because Mr. Mayweather ignored a court order and that the circumstances of the litigation "between very preeminent stars within the boxing industry" justified the award)).

13

reduces Ms. Carrington's time on the Short Form Motion to 2 hours and her time on the Sanctions Motion to 3 hours. The court turns next to Mr. Powell's and Ms. Carrington's respective hourly rates.

### 2. Hourly Rates

Mr. Powell, whose law practice is in California, asserts that a federal court in California has determined that, given his experience, his hourly rate of $750.00 is reasonable. Nevertheless, Mr. Powell's claimed rate in this case is $600.00 per hour. Ms. Carrington's claimed rate is $150.00 per hour. Although the court finds Ms. Carrington's rate to be reasonable, it finds Mr. Powell's rate to be excessive.

"The party requesting the fees bears 'the burden of showing that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.' The focus must be on the 'prevailing market rate in the relevant community,'"[38] and "[t]he court may not use its own knowledge to establish the appropriate rate unless the evidence of prevailing market rates before the court is inadequate."[39]

---

[38] *United Phosphorus*, 205 F.3d at 1234 (quoting *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998)); *see also Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) ("Hourly rates must reflect the prevailing market rates in the relevant community. Unless the subject of the litigation is so unusual or requires such special skills that only an out-of-state lawyer possesses, the fee rates of the local area should be applied even when the lawyers seeking fees are from another area." (quotations and citations omitted)).

[39] *United Phosphorus*, 205 F.3d at 1234; *see also Case*, 157 F.3d 1243 at 1257 ("Only if the district court does not have before it adequate evidence of prevailing market rates may the court, in its discretion, use other relevant factors, including its own knowledge, to establish the rate.").

Based upon those authorities, the court must apply Salt Lake City market rates and cannot use the California market rates Mr. Powell has provided. Further, because Mr. Powell failed to provide any evidence of Salt Lake City market rates for either himself or Ms. Carrington, the court may determine their respective hourly rates based upon its experience, which dictates that Mr. Powell's rate is not reasonable. Instead, the court finds that a rate of $400.00 per hour is reasonable given Mr. Powell's experience and expertise. That rate is consistent with the high end of rates other courts in this district have found to be reasonable[40] and with Plaintiffs' local counsel's hourly rate.[41] As for Ms. Carrington's rate of $150.00 per hour, the court finds it to be reasonable and consistent with paralegal rates in the Salt Lake City market.[42]

---

[40] *See, e.g.*, *Taylor v. Nat'l Collegiate Student Loan Tr. 2007-1*, No. 2:19-CV-00120-BSJ, 2021 WL 872494, at *6 (D. Utah Mar. 9, 2021); (finding as reasonable hourly attorney rates of $335.00, $385.00, and $440.00); *United States ex rel. Sorenson v. Wadsworth Bros. Constr. Co., Inc.*, No. 2:16-CV-875, 2021 WL 858410, at *5 (D. Utah Mar. 8, 2021) (finding as reasonable hourly attorney rates of $325.00 and $360.00); *McFarlin v. Box Elder Cnty.*, No. 1:18-CV-00156-DAK, 2020 WL 5441404, at *6 (D. Utah Sept. 10, 2020) (finding as reasonable hourly attorney rate of $375.00), *amended*, No. 1:18-CV-00156-DAK, 2021 WL 568805 (D. Utah Feb. 16, 2021); *Morrison v. Express Recovery Servs., Inc.*, No. 1:17-CV-51, 2020 WL 3791893, at *3 (D. Utah July 7, 2020) (finding as reasonable hourly attorney rates of $350.00 and $450.00); *Blackburn v. United States*, No. 218CV00116DBBEJF, 2020 WL 1930063, at *2 (D. Utah Apr. 21, 2020) (finding as reasonable hourly attorney rate of $350.00).

[41] ECF No. 9-1, Exhibit A (identifying Plaintiffs' local counsel's rate as $350.00 per hour).

[42] *See, e.g.*, *Utah Physicians*, 2021 WL 254268, at *17 (finding as reasonable hourly paralegal rate of $145.00); *Morrison*, 2020 WL 3791893, at *3 (finding as reasonable hourly paralegal rate of $180.00).

### 3. Attorney Fee Award

Having determined the respective reasonable hours and the reasonable rates for Mr. Powell and Ms. Carrington, the court calculates the lodestar to determine Plaintiffs' award of attorney fees. As noted above, Mr. Powell's 0.9 hours for the Short Form Motion and 1.2 hours for the sanctions motion are accepted as reasonable. However, his time for tasks related to his pro hac vice admission is reduced to 1 hour. Thus, the total allowable attorney fees for Mr. Powell are $1,240.00 (3.1 hours multiplied by $400.00 per hour). As for Ms. Carrington, the court reduced her time on the tasks related to Mr. Powell's pro hac vice admission to 1 hour, her time on the Short Form Motion to 2 hours, and her time on the Sanctions Motion to 3 hours. Accordingly, the total paralegal fees for Ms. Carrington are $900.00 (6 hours multiplied by $150.00 per hour). In sum, Plaintiffs' attorney fee award against Ms. Webb is $2,140.00.

### B. Costs

In addition to their attorney and paralegal fees, Plaintiffs seek costs in the amount of $649.00 for Mr. Powell's pro hac vice admission fee, the filing fee for the Short Form Motion, and the cost of retaining local counsel. The court concludes that those costs are part of the "reasonable expenses incurred in making"[43] the Short Form Motion and, accordingly, includes them in Plaintiffs' reasonable expenses award.

### C. Plaintiffs' Reasonable Expenses Award

As stated above, Plaintiffs are entitled to an attorney fee award in the amount of $2,140.00 and an award of costs in the amount of $649.00, for a total award of reasonable

---

[43] Fed. R. Civ. P. 37(a)(5)(A).

expenses of $2,789.00. Ms. Webb shall pay that total amount to Plaintiffs within fourteen days of the date of this order.

## **ORDER**

Based upon the foregoing, IT IS HEREBY ORDERED:

1. Plaintiffs' motion for monetary sanctions against Ms. Webb[44] is GRANTED IN PART and DENIED IN PART.

2. Within fourteen days of the date of this order, Ms. Webb shall pay a reasonable expenses award to Plaintiffs in the amount of $2,789.00.

IT IS SO ORDERED.

DATED this 29th day of April 2022.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[44] ECF No. 9.